UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>MATCH.COM,<br><br>　　　　　Defendant. | CV 11-03795 SVW (JENx)<br><br>ORDER REMANDING CASE TO SUPERIOR COURT DUE TO LACK OF ARTICLE III STANDING [13]<br><br>JS6 |

**I.　Introduction**

On May 3, 2011, Match.com ("Defendant") removed this case from the Los Angeles County Superior Court. Defendant is a popular online dating service with over one million subscribers. On May 4, 2011, Jane Doe ("Plaintiff") filed the present *ex parte* application seeking a temporary restraining order ("TRO").

Plaintiff was a subscriber of Defendant's service until January 2011. Plaintiff cancelled her subscription in January 2011, but has since resubscribed after filing this suit. Plaintiff alleges that while she was a subscriber, she utilized the service to meet another subscriber who was a serial sexual predator. Plaintiff alleges that

this subscriber forcibly raped her.[1]  Plaintiff further alleges that Defendant could have instituted basic screening procedures to prevent her rape.  Plaintiff's Complaint seeks injunctive relief under California Civil Code § 1770(a)(10), which makes unlawful the "[a]dvertising [of] goods or services with intent not to supply reasonably expectable demand. . . ."

The Court previously denied Plaintiff's Temporary Restraining Order ("TRO"), which sought to prohibit Defendant from signing up new members until an effective screening process is in place.[2] The Court also set a hearing on a Motion for Preliminary Injunction on shortened time.  The hearing on the Motion was held on May 23, 2011.

For the reasons stated below, Plaintiff does not have Article III Standing and Plaintiff's Complaint is REMANDED to state court.[3]

\\

---

[1] Plaintiff alleges that felony charges are pending against the subscriber in Los Angeles Superior Court.

[2] Defendant announced on April 17, 2011 that it would institute a screening process within 60 to 90 days based on the national registry of sex offenders.  Dec. of Sharmistha Dubey ("Dubey Decl.") ¶ 8.

[3] Though Defendant states that Plaintiff's Complaint may be dismissed because Plaintiff lacks standing, Defendant is incorrect.  This action was removed from Los Angeles County Superior Court on May 3, 2011.  Where a plaintiff in a removed action lacks federal standing to sue, the action should generally be remanded, not dismissed. Wheeler v. Travelers Ins. Co., 22 F.3d 534, 540 (3d Cir. 1994); Maine Ass'n of Interdependent Neighborhoods v. Commissioner, 876 F.2d 1051, 1053-54 (1st Cir. 1989); c.f. Goode v. City of Philadelphia, 539 F.3d 311, 326-27 (3d Cir. 2008) (dismissing claims without prejudice to refiling in state court); Lee v. American Nat. Ins. Co., 260 F.3d 997, 1006-07 (9th Cir. 2001)(holding there was no standing to assert some claims as to one defendant, dismissing claims noting that plaintiff could refile them in state court, and leaving open the possibility that district court could remand, rather than dismiss, the claims over which it had no jurisdiction).

## II. Discussion

Standing is an essential component of the Article III, § 2 "case or controversy" requirement. American Civil Liberties Union of Nevada v. Lomax, 471 F.3d 1010, 1015 (9th Cir. 2006). "Standing to sue in any Article III court is, of course, a federal question which does not depend on the party's prior standing in state court." Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 804, 105 S.Ct. 2965, 2970, 86 L.Ed.2d 628 (1985); see also Lee, 260 F.3d at 1001-02 (9th Cir. 2001) ("[A] plaintiff whose cause of action is perfectly viable in state court under state law may nonetheless be foreclosed from litigating the same cause of action in federal court, if he cannot demonstrate the requisite injury.").

Under Article III's standing requirement, a plaintiff seeking injunctive relief bears the burden of showing "that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S.Ct. 1142, 1149 (2009). When evaluating whether standing is present, courts look to the facts as they exist when the complaint was filed. Lujan v. Defenders of Wildlife, 504 U.S. 555, 570 n.4, 112 S.Ct. 2130, 2141 n.4 (1992); Lomax, 471 F.3d at 1015; Clark v. City of Lakewood, 259 F.3d 996, 1008-09 (9th Cir. 2001).

In this case, Plaintiff admits that she cancelled her subscription to Defendant's service in January 2011 after an assault by one of Defendant's users. Supp. Dec. of Carole Markin ("Markin Dec.") ¶ 1;

Dubey Dec. ¶ 6. Plaintiff filed her Complaint in Los Angeles Superior Court in April 2011 and the action was removed in May 2011. Subsequently, after the Court denied Plaintiff's TRO, Plaintiff paid for a six-month subscription on Match.com.[4]  Markin Dec. ¶ 2.

Plaintiff has not met her burden in showing Article III standing under City of Los Angeles v. Lyons, 461 U.S. 95 (1983) and its progeny.[5] In Lyons, a black male sued the City of Los Angeles for injunctive relief, alleging that the Los Angeles Police Department had a policy and practice of using unconstitutional chokeholds. On one prior occasion, Lyons had been subject to serious bodily injury when police officers used a chokehold during a traffic stop. Nonetheless, the Supreme Court ruled that Lyons did not have standing to seek injunctive relief, though the Court did not foreclose a claim for damages. The Court reasoned that Lyons' standing to seek an injunction was dependant on his likelihood of suffering future injury from a police officer's use of a chokehold. The Court held that "[a]bsent a sufficient likelihood that he will again be wronged in a similar way, Lyons is no more entitled to an injunction than any other citizen of Los Angeles. .

---

[4] At the Hearing, the Court asked for further clarification regarding Plaintiff's ability to access Defendant's services at the time she filed her Complaint. It is clear that if Plaintiff could neither contact Defendant's users nor be contacted by Defendant's users, she would have no demonstrable injury in fact at the time the Complaint was filed. This is because Plaintiff could not be subject to injury due to Defendant's failure to screen if she could not meet anyone through Defendant's services. However, based on the parties' undisputed representations at the Hearing, Plaintiff could be contacted by other subscribers to arrange meetings even though she had cancelled her subscription.

[5] Although neither side raises Lyons, the Court has an independent obligation to consider justiciability issues *sua sponte*. RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1056 (9th Cir. 2002).

4

. . ." Id. at 111; see also Lujan, 504 U.S. at 562 (holding that plaintiffs seeking injunction requiring application of certain environmental policies abroad did not have standing because plaintiffs did not show likelihood that they would be injured in the future by destruction of endangered species abroad despite presenting declarations that they may visit foreign countries to see endangered animals in the future).

Here, Plaintiff has presented no evidence that she plans to use Defendant's services to meet other users. In fact, Plaintiff has stated that she only re-subscribed because "it came to my attention that I needed to be a member of Match to file a class action suit in Federal Court. . . ." Markin Dec. ¶ 2. Plaintiff's counsel also represents that Plaintiff has not answered any e-mails inquiring of her availability for dates since the alleged assault. Reply at 2. Thus, the undisputed facts of the case at bar show a more tenuous likelihood of future injury than those in Lyons or Lujan. In Lyons, whether or not a Los Angeles police officer applied a chokehold at any given moment was not within Lyons' control, but the Court found Lyons lacked standing. In Lujan, the plaintiffs presented affirmative evidence that they *plan to* visit countries to view endangered species, but the Court held that evidence was of no moment. Here, by contrast, Plaintiff has affirmatively indicated that she only re-subscribed for the purposes of filing a class action and did not use Defendant's services to meet users after the alleged assault. Plaintiff's statements suggest that she does not intend to use Defendant's services for future dates, diminishing the possibility that she could suffer any injury caused by Defendant's failure to screen for sexual offenders.

Even if Plaintiff's own admissions suggesting that she plans to avoid Defendant's services are ignored, Plaintiff has not shown that she has a greater likelihood of injury than any of Defendant's other one million subscribers and millions of members nationwide. As in Lyons, the mere fact that Plaintiff has suffered past harm does not itself show a sufficient probability of future harm. Lyons, 461 U.S. at 102. Plaintiff's claim relies upon a chain of speculative contingencies -- she must first utilize Defendant's services, choose to communicate with another known sex offender out of the millions of available users, go on a date with the user, and be sexually assaulted. Courts have found that a litigant does not have standing to seek injunctive relief on behalf of an unnamed class when the litigant's claim depends on such a chain of speculative contingencies. See Lee v. State of Oregon, 107 F.3d 1382, 1389-90 (9th Cir. 1997) (holding two terminally-ill plaintiffs had no standing to bring class action suit challenging Oregon's Death With Dignity Act); Nelson v. King County, 895 F.2d 1248, 1252-54 (9th Cir. 1990) (collecting cases and holding plaintiffs, recovering alcoholics, had no standing to bring class suit against alcohol treatment center even though plaintiffs presented statistical evidence that they had as high as a 75% probability of returning to the center because they would have to remain indigent, relapse, be prosecuted for alcohol related offense, and elect to return).

\\
\\
\\
\\\

## III. Conclusion

Plaintiff does not have Article III standing to assert her claim for injunctive relief. Plaintiff's Complaint is REMANDED to Los Angeles County Superior Court.

IT IS SO ORDERED.

DATED: May 25, 2011

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE